UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CRIMINAL NO. 11-10279-RWZ


UNITED STATES

v.

CHRISTOPHER S. GODFREY


<u>ORDER</u>

October 18, 2013


**S E A L E D**


ZOBEL, D.J.

Defendant Christopher S. Godfrey filed an ex parte motion seeking permission to issue pretrial subpoenas duces tecum to third-party financial institutions pursuant to Fed. R. Crim. P. 17(c).  For the reasons below, the motion is DENIED.

Godfrey is charged in a twenty-count indictment with conspiracy, wire fraud, mail fraud, and misuse of a government seal in connection with his role as president of a Florida company called Home Owners Protection Economics, Inc. ("HOPE").  The government claims that employees of HOPE made a series of misrepresentations to induce financially distressed homeowners to pay an up-front fee in exchange for "essential assistance" in obtaining a home loan modification through the federally-funded Home Affordable Modification Program ("HAMP").  In reality, the indictment

alleges, HOPE sent its customers only a do-it-yourself application package, comprised of documents virtually identical to application materials already available from the government free of charge, and instructed them to submit the forms to their mortgage lenders.  Contrary to the company's promises, customers who paid HOPE had no advantage in the loan modification process, and most of their applications were denied.

Moving ex parte, Godfrey now requests subpoenas directed to Bank of America, N.A. and Allied Home Mortgage Capital Corporation for pretrial production of (1) "any and all documents and information, including but not limited to mortgage loan applications, recorded phone calls, servicing notes, loan modification applications and correspondence related to" the mortgages of several HOPE customers identified in the indictment; and (2) "any and all documents sufficient to show" the approval rate of loan modification applications received under the federal HAMP program from 2009 to 2011.

Godfrey's requests are governed by Fed. R. Crim. P. 17(c), which provides that "a subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates."  A party seeking production of documents prior to trial most show

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

United States v. Nixon, 418 U.S. 683, 699-700 (1974).  To meet these requirements,

Godfrey must satisfy three criteria: (1) relevancy; (2) admissibility; and (3) specificity. Id. at 700.

Rule 17(c) does not contain any language allowing or prohibiting an ex parte application for pretrial production.  Courts are split on whether a Rule 17(c) subpoena can be issued upon an ex parte application, and the First Circuit has not yet ruled upon the matter.  But see United States v. Kravetz, 706 F.3d 47, 53 n.4 (1st Cir. 2013) (noting that the text of the rule "does not expressly prohibit ex parte request for subpoenas, and courts have found them to be permissible").  Some courts have held that ex parte applications for pretrial subpoenas duces tecum are not appropriate, see, e.g., United States v. Urlacher, 136 F.R.D. 550, 555-56 (W.D.N.Y. 1991); United States v. Peterson, 196 F.R.D. 361, 361-62 (D.S.D. 2000), while others have permitted them in limited circumstances, such as in the case of indigent defendants, where notice of a subpoena would compromise trial strategy or "imperil" the source or integrity of evidence, or where a fundamental constitutional interest of a defendant is implicated, see United States v. Hang, 75 F.3d 1275, 1281-82 (8th Cir. 1996); United States v. Daniels, 95 F. Supp. 2d 1160, 1162-63 (D. Kan. 2000); United States v. Beckford, 964 F. Supp. 1010, 1018-20 (E.D. Va. 1997).

Godfrey claims the need to proceed ex parte because his requests reveal portions of his trial strategy.  He also seeks to circumvent Rule 17(c)(3), which provides that when a subpoena seeks the production of personal or confidential information about a victim from a third party, notice must be given to the victim absent "exceptional circumstances."  Godfrey asserts the "exceptional circumstances" are present here

3

since he "would be unfairly prejudiced by the premature disclosure of a sensitive

defense strategy."  Docket # 180 at 6, quoting FED. R. CRIM. P. 17(C)(3) advisory

committee's notes to 2008 amendment.[1]

After reviewing Godfrey's filings, the court is not persuaded that the information

contained therein would prematurely disclose trial strategy to a degree that warrants

secrecy from the government and the victims.  Nevertheless, it makes little difference

because the requests ultimately fail to meet the requirements of Rule 17(c).  Namely,

Godfrey has not demonstrated that the documents he seeks in his subpoenas are

relevant to the government's charges and his defense in this case.

Godfrey states that a central issue will be "whether [HOPE's] customers' failure

to receive a loan modification was due to the lenders' unwillingness to modify loans as

required by the HAMP program or, as the government claims, because the defendants

are defrauding customers."  Docket # 180 at 3.  Thus, he claims that it is necessary to

obtain the loan modification records of the alleged victims in order to show why their

HAMP applications were rejected.  But that view completely misunderstands the nature

of the charges leveled against him.  The government is not claiming that customers

were denied modifications *because* of the fraudulent actions of HOPE; rather, the

indictment alleges that HOPE secured fees from customers by fraudulently

misrepresenting its connections, success rate, services, and products.  Godfrey does

not explain how detailed information about the victims' mortgages, HAMP applications,

---

[1] Godfrey also asserts that he is not seeking "personal or confidential information," an untenable position given the documents at issue clearly include sensitive financial information about the alleged victims in this case.

and communications with their lenders is relevant to these accusations.  Neither do the requested documents relate to Godfrey's "good faith" defense, whereby he insists that all the alleged misrepresentations were made by other HOPE employees apart from his personal involvement or direction.  It is unclear why the individual mortgage records of HOPE's customers and the general rates at which financial institutions approved HAMP modifications would be at all material to such a defense, which centers on Godfrey's intent, knowledge, and actions.

The court acknowledges that it previously allowed a similar ex parte motion for pretrial subpoenas by Godfrey on May 1, 2013.  <u>See</u> Docket ## 119 and 121.  Upon review, that decision was in error, and the subpoenas should not have issued in that instance for the reasons described above.

Godfrey's motion for pretrial subpoenas (Docket # 179) is DENIED.  His motion to seal (Docket # 178) is ALLOWED.

| | |
|---|---|
| <u>    October 18, 2013    </u> | <u>          /s/Rya W. Zobel          </u> |
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |