UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CRIMINAL NO. 11-10279-RWZ


UNITED STATES OF AMERICA

v.

CHRISTOPHER S. GODFREY
and
DENNIS FISCHER


ORDER

October 4, 2018


ZOBEL, S.D.J.

After their convictions of numerous mail fraud and wire fraud violations  and an

unsuccessful appeal, Christopher S. Godfrey and  Dennis Fischer separately moved

under 28 U.S.C. § 2255 to vacate their respective sentence.  (Docket ## 336 and 340).

Both asserted that their counsel had been constitutionally ineffective.  The court issued

a decision denying the petition June 12, 2017  (Docket #364).  A few days prior thereto,

on May 22, 2017, Godfrey had submitted a "Notice of Refiling Motion for Leave to

Amend 2255 Petition and Amended 2255 Petition" which was date stamped by the

Clerk's Office, but not docketed.  Similarly, Fischer submitted a "Supplemental

Memorandum" to his petition, albeit not until August 1, 2018, which also was received,

but not docketed.  Both, the proposed amendment of Godfrey and the supplement of

Fischer, rely on a decision by the Supreme Court issued after they had filed their initial post-judgment pleadings, Luis v. United States, 136 S. Ct. 1083 (2016).  That case held that the seizure by the government of all assets of the defendant, including assets not tainted by his alleged unlawful conduct which he needed to retain counsel of his choice, violated the Sixth Amendment.  Godfrey and Fischer allege a similar seizure of untainted assets and consequent deprivation of their right to counsel of their choice.

Defendants' motions to amend and/or supplement their 2255 petitions are allowed and those documents shall be docketed.

However, these requests are denied on the merits.  The record reflects that both defendants were represented by retained counsel, presumably of their choice, throughout the trial and direct appeal.  Thus, even if they did suffer any pretrial restraint of legitimate assets, it did not affect their ability to engage counsel and did not violate their Sixth Amendment rights. Moreover, given the different posture of this case from that of the Luis case, post-trial and appeal on the merits, vice on  appeal from a pretrial order, defendants here would have to show that counsel were, in fact, ineffective.  But that issue was decided against them in the court's ruling on their initial petition (Docket # 364).

In summary, the requests to amend their 2255 petition are allowed, but the petition as amended is denied.

I decline to issue a certificate of appealability because defendants cannot show the denial of a constitutional right.

October 4, 2018
_____
DATE

_____
RYA W. ZOBEL
SENIOR UNITED STATES DISTRICT JUDGE

2